Filed 6/28/13  P. v. McCreery CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DOUGLAS KEVIN McCREERY,<br><br>  Defendant and Appellant. | B240036<br><br>(Los Angeles County<br>Super. Ct. No. GA082782) |

APPEAL from an order of the Superior Court of Los Angeles County. Teri Schwartz, Judge.  Reversed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Douglas Kevin McCreery was convicted of assault with a firearm after he brandished a weapon in the face of a neighbor on the doorstep of the neighbor's apartment, and after the neighbor slammed the door fired two shots through the door into the apartment. Defendant contends the trial court committed an evidentiary error and prejudicially failed to instruct the jury that it must agree which act—brandishing the firearm or shooting through the door—constituted the assault. We conclude the court prejudicially erred by failing to give a unanimity instruction, and therefore reverse. We do not reach the evidentiary issue.

## BACKGROUND

Jared Kurt lived in a third floor apartment directly above defendant's apartment. The apartments had thin floors and walls, and both defendant and another neighbor had complained several times both to Kurt directly and to the building manager about noise coming from Kurt's apartment.

On the evening of March 17, 2011, when Kurt was in his apartment with Miguel Rosario, a friend, defendant knocked forcefully on the door and, when Kurt opened it, pointed a gun at his face with both hands, but said nothing. Kurt told him to lower the gun, then slammed and locked the door and moved away from it. Defendant then jiggled the door handle and fired two shots through the door at about chest level. After the shooting, defendant apologized from behind the closed door and asked Kurt to come back to the door and talk, which Kurt refused to do.

Defendant was charged in count 1 with attempted murder in violation of Penal Code[1] sections 664 and 187, subdivision (a), and it was alleged he personally and intentionally "discharged" a firearm in the commission of the offense (§ 12022.53, subd. (c)). Defendant was charged in count 2 with assault with a deadly weapon in violation of section 245, subdivision (a)(2), and it was alleged he personally "used" a firearm in the commission of the offense (§§ 12022.5, 1192.7, subd. (c), 667.5, subd. (c)).

---

[1] Undesignated statutory references will be to the Penal Code.

At trial, Kurt and Rosario testified defendant did not verbally threaten Kurt but pointed the handgun at his face and fired through the door "seconds" after he slammed it. Defendant testified he never intended to injure Kurt and did not point the gun at him, but after using the butt to knock on the door held it down at his side, with the butt forward and the barrel pointing down. He admitted shooting through the door, but only after he heard Kurt walk away from it. He testified he shot the door "[o]nce above the deadbolt and once sort of a little bit to the right of the deadbolt." He denied trying to hit anyone, but only wanted to scare Kurt. He had heard Kurt retreat from the door and did not believe anyone was behind it.

During closing argument the prosecutor argued defendant committed assault when he "pulled that gun and put it in the victim's face, even before the victim closed the door," and "the evidence that he actually fired the gun [constituted] even more evidence" of assault. (The prosecutor also argued that defendant's firing the gun constituted attempted murder.)

The jury found defendant not guilty of attempted murder or the lesser included offense of attempted voluntary manslaughter (count 1) but guilty of assault with a firearm (count 2), and found that the firearm use allegation was true. He was sentenced to five years in prison. Defendant timely appealed.

## DISCUSSION

Defendant contends that the trial court prejudicially erred by failing sua sponte to give a unanimity instruction such as CALJIC No. 17.01.[2] We agree.

---

[2] Unanimity instructions are set forth in CALJIC Nos. 4.71.5 and 17.01.

CALJIC No. 4.71.5 provides: "Defendant is accused [in Count[s] ___] of having committed the crime of _____, a violation of section ____ of the Penal Code, on or about the period of time between _____ and _____. [¶] In order to find the defendant guilty, it is necessary for the prosecution to prove beyond a reasonable doubt the commission of [a specific act [or acts] constituting that crime] [all of the acts described by the alleged victim] within the period alleged. [¶] And, in order to find the defendant guilty, you must unanimously agree upon the commission of [the same specific act [or acts] constituting the crime] [all of the acts described by the alleged victim] within the

3

In *People v. Russo* (2001) 25 Cal.4th 1124, our Supreme Court said, "In a criminal case, a jury verdict must be unanimous. [Citations.] . . . . Additionally, the jury must agree unanimously the defendant is guilty of a specific crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act. [Citations.] [¶] This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.' [Citation.] For example, in *People v. Diedrich* [(1982)] 31 Cal.3d 263, the defendant was convicted of a single count of bribery, but the evidence showed two discrete bribes. We found the absence of a unanimity instruction reversible error because without it, some of the jurors may have believed the defendant guilty of one of the acts of bribery while other jurors believed him guilty of the other, resulting in no unanimous verdict that he was guilty of any specific bribe. [Citation.] 'The [unanimity] instruction is designed in part to prevent the jury from amalgamating evidence of multiple offenses, no one of which has been proved beyond a reasonable doubt, in order to conclude beyond a reasonable doubt that a defendant must have done *something* sufficient to convict on one count.' [Citation.]" (*People v. Russo*, *supra*, 25 Cal.4th at p. 1132.)

"A unanimity instruction is required only if the jurors could otherwise disagree which act a defendant committed and yet convict him of the crime charged. . . . [T]he

---

period alleged. [¶] It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

CALJIC No. 17.01 provides: "The defendant is accused of having committed the crime of _____ [in Count ___]. The prosecution has introduced evidence for the purpose of showing that there is more than one [act] [or] [omission] upon which a conviction [on Count ___] may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt that [he] [she] committed any one or more of the [acts] [or] [omissions]. However, in order to return a verdict of guilty [to Count ___], all jurors must agree that [he] [she] committed the same [act] [or] [omission] [or] [acts] [or] [omissions]. It is not necessary that the particular [act] [or] [omission] agreed upon be stated in your verdict."

4

possibility of disagreement exists where the defendant is accused of a number of unrelated incidents, such as alleged rapes at different times or places, leaving the jurors free to believe different parts of the testimony and yet convict the defendant." (*People v. Gonzalez* (1983) 141 Cal.App.3d 786, 791-792, disapproved on another ground in *People v. Kurtzman* (1988) 46 Cal.3d 322, 330.) Where the record provides no rational basis for the jury to distinguish between the various acts, by way of argument or evidence, and the jury must have believed beyond a reasonable doubt that defendant committed all of the acts if he committed any of them, the failure to give a unanimity instruction is harmless. (*People v. Thompson* (1995) 36 Cal.App.4th 843, 853.) "In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*People v. Russo*, *supra*, 25 Cal.4th p. 1135.)

Failure to give a unanimity instruction is error when "there is evidence based on which reasonable jurors could disagree as to which act the defendant committed. If there is such evidence, the failure to give [a unanimity instruction] will most often, though not necessarily, be prejudicial." (*People v. Schultz* (1987) 192 Cal.App.3d 535, 539-540, fn. omitted.) Where a unanimity instruction is required it must be given sua sponte. (*People v. Curry* (2007) 158 Cal.App.4th 766, 783.)

Defendant was convicted of assault with a deadly weapon, a violation of subdivision (a)(2) of section 245. An assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 245.) The pointing of a loaded gun at a victim constitutes an assault with a deadly weapon. (*People v. Bradford* (1976) 17 Cal.3d 8, 20; *People v. Raviart* (2001) 93 Cal.App.4th 258, 263; *People v. Laya* (1954) 123 Cal.App.2d 7, 16.) "[I]t is not the subjective belief of the victim which is determinative, but whether the person charged with the assault had the 'present ability to commit a violent injury.'" (*People v. Mosqueda* (1970) 5 Cal.App.3d 540, 544, citation omitted.) Actually firing a gun in the direction of someone, even with

5

no intent to hit the person, also constitutes assault with a deadly weapon. (*People v. Wright* (1968) 258 Cal.App.2d 762, 767; *People v. Welborn* (1966) 242 Cal.App.2d 668, 680.)

Here, the evidence supported a finding that defendant committed two distinct acts: He pointed a gun at Kurt when he opened the door and then shot into the apartment after the door was closed. The evidence was contradicted by defendant's testimony that he did not point the gun at anyone and did not shoot toward Kurt, but merely shot at the closed door. The evidence left room for disagreement as to exactly how the assault was committed, and some jurors may have believed that defendant did not point a gun at Kurt and others may have believed he shot only at Kurt's door, not at anyone inside the apartment. Therefore, although the jury convicted defendant of assault with a deadly weapon, nothing in the record indicates it unanimously concluded that either brandishing the weapon or shooting the door constituted the assault. Under such a circumstance, a unanimity instruction was required.

Respondent argues defendant's acts of brandishing a gun and firing into the door were so closely connected in time as to form part of one transaction. We disagree.

A unanimity instruction is not required in all cases where the evidence shows that more than one act could suffice for a conviction of a particular offense. For example, the instruction is not required "when the acts alleged are so closely connected as to form part of one transaction. [Citations.] The 'continuous conduct' rule applies when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them. [Citation.]" (*People v. Stankewitz* (1990) 51 Cal.3d 72, 100.) "'[W]here the acts were substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place, the instruction is not necessary to the jury's understanding of the case.' [Citations.]" (*People v. Beardslee* (1991) 53 Cal.3d 68, 93.) "[T]he possibility of disagreement exists where the defendant is accused of a number of unrelated incidents, such as alleged rapes at different times or places, leaving the jurors free to believe different parts of the testimony and yet convict the defendant. [Citations.] . . . .

6

Disagreement may also exist where the defendant offers a defense which could be accepted or rejected as to some but not all of the acts. In this situation, the jurors again may disagree as to which act the defendant was guilty of and yet convict him. [Citations.] [Fn.] [¶] If under the evidence presented such disagreement is not reasonably possible, the instruction is unnecessary." (*People v. Gonzalez, supra*, 141 Cal.App.3d at pp. 791-792.) "Separate acts may . . . result in but one crime if they occur within a relatively short time span [citation]." (*People v. Epps* (1981) 122 Cal.App.3d 691, 702.)

In *People v. Percelle* (2005) 126 Cal.App.4th 164, the defendant visited a store twice in the span of about an hour and both times attempted to buy cigarettes using a counterfeit credit card. (*Id*. at pp. 169-170.) At trial, his defense was that the card was not counterfeit. (*Id*. at p. 182.) The appellate court held a unanimity instruction was not required because there was no reasonable basis to distinguish between the defendant's first and second visits to the store and "no conceivable construction of the evidence . . . would permit the jury to find" the defendant "guilty of the crime based upon one act but not the other." (*Id*. at pp. 168, 182.)

In *People v. Dieguez* (2001) 89 Cal.App.4th 266, the defendant made six false statements to a physician during one appointment in order to obtain workers' compensation benefits, in violation of section 1871.4, subdivision (a)(1). At trial, the defendant argued each false statement was the result of an innocent mistake in communication. The appellate court held no unanimity instruction was required because the defendant's statements "were so closely connected in time and purpose that they clearly formed part of a single, continuous transaction. Moreover, [the defendant] offered exactly the same defense to each of his false statements. There was no reasonable factual basis for the jury to distinguish between appellant's various statements, and no reasonable legal basis to distinguish between them in establishing a single offense of making a false statement to obtain workers' compensation benefits under section 1871.4." (*Id*. at pp. 275-276.)

7

In *People v. Haynes* (1998) 61 Cal.App.4th 1282, the defendant helped an accomplice forcibly take several bills from the clenched fist of their victim. When the bills tore in half, the defendant and his accomplice fled with the half-bills they had obtained. They later returned seeking the remaining halves, and after a car chase cornered the victim and forcibly took the rest of the money. (*Id.* at pp. 1287-1288.) Defendant was charged with one count of robbery. (*Id.* at p. 1291.) The appellate court held no unanimity instruction was required because the two encounters, which the court observed occurred "just minutes and blocks apart and involved the same property," were "part of a single objective of getting all the victim's cash," and were thus so closely connected in time as to constitute one transaction, with no reasonable basis for the jury to distinguish between them. (*Id.* at pp. 1295-1296.)

Here, defendant's acts of brandishing the gun and firing it were distinct in character—the first involving a face-to-face encounter but no shooting and the second a shooting but no visual contact—and separated by a classic severing event—the slamming of a door. And defendant presented different defenses as to each act: He did not point a gun at Kurt, but kept it pointed at the ground; and he did not shoot at Kurt, but shot the door only after he heard Kurt move away from it. The jurors could reasonably distinguish between the two acts and disagree as to which defendant committed—there was no reason for any juror believing one of the acts occurred to inexorably believe both did. The trial court therefore erred in failing to give a unanimity instruction such as CALJIC No. 17.01.

Respondent contends absence of a unanimity instruction was necessarily harmless because even if defendant's acts were distinguishable, jurors could not reasonably have disbelieved defendant's admission that he fired two rounds through Kurt's door. The argument is without merit. To find defendant guilty of assault with a deadly weapon, the jury was required to conclude only that defendant attempted to commit a violent injury upon "the person of another," i.e., assaulted Kurt himself, not merely his door. But nothing about shooting the door compels the finding that defendant intended to injure Kurt. On the contrary, that defendant did not shoot at Kurt when face to face with him is

8

evidence that he did not wish to injure him. The prejudice is manifest. If half the jury disbelieved that defendant pointed a gun at Kurt but believed he attempted to shoot Kurt through the door, and the other half believed he pointed the gun at but did not attempt to shoot Kurt, then defendant would still have been convicted of assault with a deadly weapon even though there was no single offense that all the jurors agree he committed.

Defendant also argues the trial court erred by excluding evidence that Kurt had intimidated other neighbors in the past. Because the judgment must be reversed due to lack of a unanimity instruction, we need not address this contention.

## DISPOSITION

The judgment is reversed.

NOT TO BE PUBLISHED.


CHANEY, J.

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

9